UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LYNETTE WITBECK, as
Personal Representative of the
Estate of Jamie R. Witbeck, and
LYNETTE WITBECK,
individually,

          Plaintiffs,

Case No. 1:07-CV-548

v.

Hon. Richard Alan Enslen

BRENT F. CALDWELL,

**OPINION**

          Defendant.
_____/

This matter is before the Court on Defendant Brent F. Caldwell's Motion to Dismiss for Lack of Jurisdiction and Improper Venue.[1]  Plaintiffs Lynnette Witbeck and the Estate of Jamie R. Witbeck have opposed the Motion.  Oral argument is unnecessary in light of the briefing.  *See* W.D. Mich. L. Civ. R. 7.2(d).

**BACKGROUND**

This diversity suit arises from a boating accident that killed Jamie R. Witbeck and injured Lynnette Witbeck.  Plaintiffs have sued Defendant Brent F. Caldwell, a consumer and resident of Ohio, who was the former owner of the boat which was involved in the accident.  Plaintiffs' suit

---

[1] The improper venue argument under 28 U.S.C. § 1391(a) rises and falls with the personal jurisdiction argument since section 1391 allows venue in any district in which a defendant is subject to personal jurisdiction at the time the action is commenced.  Defendant's Motion also raises a lack of subject matter jurisdiction argument premised on the failure to join indispensable parties whose presence would destroy diversity jurisdiction.  However, that latter argument fails due to the United States Supreme Court's holding in *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5 (1990), which explained that a plaintiff in a tort suit, consistent with Federal Rule of Civil Procedure 19, need not join all of the responsible tort feasors.

alleges that Caldwell's negligent alteration of the boat was the cause of the later accident and injuries. (Compl. ¶¶ 8-16.) Based on the allegations of the Complaint, Caldwell's only relationship with the forum state (Michigan) is that he traded in the boat to a Michigan dealership, which later resold the boat to Lynnette Witbeck. (Compl. ¶¶ 10-11.)

### LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(2) mandates the dismissal of an action when personal jurisdiction over the defendant is lacking. When challenged, a plaintiff bears the burden of establishing personal jurisdiction over a defendant by sufficient *prima facie* proof (affidavits and document evidence) of jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Market/Media Research v. Union-Tribune Publ'g Co.*, 951 F.2d 102, 104 (6th Cir. 1991); *Serras v. First Tenn. Bank*, 875 F.2d 1212, 1214 (6th Cir. 1989); *Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 373 (W.D. Mich. 1990). The Court has considerable discretion in assessing the evidence filed and as to whether to require an evidentiary hearing. *Id.* When an evidentiary hearing is not conducted, then the record must be interpreted in a light most favorable to the plaintiff. *Theunissen*, 935 F.2d at 1459; *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) .

The question of whether personal jurisdiction exists over a particular defendant depends on an analysis of both the pertinent state long-arm statute and the federal due process limitations on the exercise of personal jurisdiction. *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997); *Lanier v. American Bd. of Endodontics*, 843 F.2d 901 (6th Cir. 1988). Notwithstanding, Michigan has construed its own long-arm statute as co-extensive with the due process analysis. *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d

1174, 1176 (6th Cir. 1992); *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150-51 (6th Cir. 1990); *Sifers v. Horen*, 188 N.W.2d 623, 623-24 (Mich. 1971); *see also Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir. 1996) (holding that where the long-arm statute extends to the constitutional limits, the two inquiries are merged). Thus, this Court need only determine whether its exercise of personal jurisdiction over Defendant comports with the Due Process Clause.

## LEGAL ANALYSIS

In 1945, the Supreme Court announced that the Due Process Clause of the United States Constitution requires that a defendant have sufficient minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Over the years, this requirement has been tailored by many decisions of the Supreme Court and the Sixth Circuit Court of Appeals. A 1996 decision of the Sixth Circuit summarizes the basic due process requirements as follows:

> "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable."

*Compuserve, Inc v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting earlier case law).

Of course, the subject of personal jurisdiction has been developed in the Supreme Court and Sixth Circuit precedent. Three cases in particular inform this Court's decision–*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147 (6th Cir. 1997), *LAK, Inc. v. Deer Creek Enters., Inc.*, 885 F.2d 1293 (6th Cir. 1989), and *Noel v. S. S. Kresge Co.*, 669 F.2d 1150, 1154-55 (6th Cir. 1982). These cases illustrate the constitutional limitations on the exercise of personal jurisdiction. In *Kerry Steel*,

a Michigan steel servicing center negotiated a single contract to sell steel coils to an Oklahoma pipe fabricator. The contract was negotiated by telephone and facsimile machine and the steel coils were delivered at the site of an Illinois warehouse. The fabricator then made partial payment to the Michigan company–some payments made in Illinois and some in Michigan. The fabricator did not do business in Michigan other than the transaction described. The Sixth Circuit held that the defendant fabricator could not be sued in Michigan because its contacts were mainly "a single transaction." The location of plaintiff's injury in the forum state did not justify personal jurisdiction over the defendant nor did "fortuitous contacts" such as telephone and fax contract negotiations. The *Kerry Steel* decision followed the Sixth Circuit's prior decision in *LAK, Inc.*, which determined that a single contract for a sale of Florida land between a Michigan corporate seller and an Indiana corporate buyer did not subject the Indiana corporation to personal jurisdiction in Michigan in the absence of other contacts with the forum state. Similarly, the Sixth Circuit noted in the *Noel* case that an isolated sale of goods to the forum state is not a proper basis for the assertion of jurisdiction over the seller.

      Cases which have held to the contrary generally involve business contracts or relationships which are much more extensive than a single sale of property. In *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 475 (1985), the Supreme Court held that an out-of-state franchisee had purposely availed himself to the benefits of the forum state by entering into a long-term franchising agreement which created continuing obligations in the forum state. Similarly, in *Lanier*, the Sixth Circuit held that a contract with a Michigan company subjected the defendant to Michigan jurisdiction because the contract clearly intended to create ongoing consequences in the Michigan dental market.

In this instant suit, Defendant merely traded in his boat to a Michigan dealer to obtain a newer boat. This relationship is described as a purely consumer relationship, according to the Complaint, and was not intended to create any ongoing business relationship with the forum state. No case law is cited which would extend personal jurisdiction over Defendant based on such circumstances. *International Shoe* and its progeny do not allow personal jurisdiction under such circumstances.

## **CONCLUSION**

Accordingly, Judgment shall enter granting Defendant's Motion and dismissing this suit due to lack of personal jurisdiction and also lack of venue.

DATED in Kalamazoo, MI:      /s/ Richard Alan Enslen
      August 20, 2007     RICHARD ALAN ENSLEN
                                      SENIOR UNITED STATES DISTRICT JUDGE